<table>
<tr><td>

DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>
100 Jefferson County Pkwy.<br>
Golden, CO 80419<br><br>

**Plaintiffs:**<br>
NICHOLE NEMMERS and JAY NELSON, *Individually and as Parents and Next Friend of* NOVEMBER NELSON<br><br>

**Defendant:**<br>
KOHL'S DEPARTMENT STORES, INC.

</td><td>

DATE FILED: April 11, 2017 3:46 PM<br>
FILING ID: 2BF78FB6CAB12<br>
CASE NUMBER: 2017CV30519<br><br><br><br><br><br>

▲COURT USE ONLY▲

</td></tr>
<tr><td>

**Attorneys for Plaintiffs:**<br>
Jennifer J. Gifford, Esq. #26059<br>
Karen B. O'Connor, Esq. #45991<br>
Gifford Stevens, LLC<br>
1720 S. Bellaire St., Penthouse Suite<br>
Denver, CO 80222<br>
Phone:    (303) 495-5988<br>
Fax:      (303) 495-5855<br>
Email:    jjg@giffordstevens.com<br>
          kbo@giffordstevens.com

</td><td>

Case No.:<br><br>

Division:

</td></tr>
</table>

## COMPLAINT AND JURY DEMAND

Plaintiffs Nichole Nemmers and Jay Nelson, Individually and as Parents and Next Friend of November Nelson ("Plaintiffs"), through their counsel, Gifford Stevens, LLC, bring their Complaint and Jury Demand against Defendant Kohl's Department Stores, Inc.  As grounds therefore, Plaintiffs state and allege the following:

### GENERAL ALLEGATIONS

1.      Plaintiff Nichole Nemmers, Individually and as Parent and Next Friend of November Nelson, P.O. Box 351, Idaho Springs, CO 80452-0351, is an individual  resident of the State of Colorado, Clear Creek County.

2.      Plaintiff Jay Nelson, Individually and as Parent and Next Friend of November Nelson, P.O. Box 351, Idaho Springs, CO 80452-0351, is an individual resident of the State of Colorado,  Clear Creek County.

3.      Plaintiff, November Nelson, is a minor child, residing with her parents Nichole Nemmers and Jay Nelson, and is an individual resident of the State of Colorado, Clear Creek County.

EXHIBIT A

4.      Defendant Kohl's Department Stores, Inc. ("Kohl's") is an out-of-state corporation authorized to do business in the State of Colorado.

5.      Defendant Kohl's registered agent is Corporate Creations Network, Inc., whose address is 3773 Cherry Creek North Drive, # 575, Denver, CO 80209.

6.      Kohl's sells clothing and other items targeted to women, men, children and families.

7.      Families regularly shop at Kohl's.

8.      Kohl's provides shopping carts which contain seats for babies and small children to sit in for the convenience of its customers.

9.      This Complaint for Damages involves an incident that occurred on or around July 8, 2016, at the Kohl's store located at 16700 W. Colfax Ave., Golden, CO 80401.

10.     This Court has jurisdiction over this action because all events complained of occurred in Golden, Colorado.  C.R.S. § 13-1-124.

11.     Venue in this Court is proper because Kohl's conducts business in Jefferson County and the tortious conduct upon which the Complaint is based occurred in Jefferson County, Colorado.  C.R.C.P. Rule 98.

12.     On or around July 8, 2016, Nicole Nemmers and Jay Nelson, with their daughter, November Nelson, were business invitees at the Kohl's located at 16700 W. Colfax Ave., Golden, CO 80401.

13.     Upon arrival at the Kohl's located at 16700 W. Colfax Ave., Golden, CO 80401, Ms. Nemmers and Mr. Nelson put November Nelson, their thirteen-month-old baby girl, in the front seat of a shopping cart provided by Kohl's.

14.     At all relevant times, November Nelson was properly buckled and/or strapped into the front seat of the shopping cart.

15.     At all relevant times, November Nelson remained buckled and/or strapped into the front seat of the shopping cart and was supervised by Ms. Nemmers and/or Mr. Nelson.

16.     On or around July 8, 2016, while shopping at the Kohl's located at 16700 W. Colfax Ave., Golden, CO 80401, there was a shelving display with sharp edges lacking safety guards on all sides ("subject shelving display").

17.     The subject shelving display had a safety guard on one side but not the others.

18.     The subject shelving display was at or near the same height as the handle bar for the shopping cart provided by Kohl's, in which November Nelson was riding.

19.     The subject shelving display was located at or near the front of the Kohl's store.

20.     The shopping cart November Nelson was riding in, which was provided by Kohl's, was inadvertently pushed into the sharp edge of the unguarded shelving display.

21.     November Nelson's hands had been resting on the handlebar of the shopping cart when the cart was pushed into the sharp edge of the unguarded shelving display.

22.     November Nelson's right index finger was almost totally severed when it came into contact with the sharp edge of the unguarded shelving display located near the front of the Kohl's store.

23.     Despite this incident happening near the front of the Kohl's store with several of its employees observing the child screaming and her parents shouting for help, no employee came to the aid of the child or her parents; no employee called 911; no employee brought anything that could serve as a bandage; and in fact, no employee acted the least bit concerned.

24.     November's parents witnessed their minor child's right index finger hanging off and cut to the bone as a result of Kohl's leaving the subject shelving display unguarded.

25.     As a result, November Nelson has incurred extensive pain, suffering, emotional distress, permanent impairment, and loss of enjoyment of life, in an amount to be proven at trial.

26.     Additionally, Nicole Nemmers and Jay Nelson have incurred economic expenses and costs related to the injuries and damages sustained by their minor child.  These economic damages include, but are not limited to, medical expenses, mileage incurred to take their child to reasonable and necessary heath care appointments related to her injuries, and out-of-pocket expenses and costs related to providing care and treatment for the injuries and losses sustained by their child, in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF – NEGLIGENCE

27.     Plaintiffs incorporate paragraphs 1 through 26 herein by reference.

28.     Defendant Kohl's had a duty to use reasonable care to protect the safety of its customers, many of whom are families with children.

29.     Defendant Kohl's had a duty to warn its customers of dangers it knew about or should have known about.

30.    Defendant Kohl's breached the duties it owed to Plaintiffs.

31.    Due to Defendant Kohl's negligence, Plaintiffs suffered damages, including medical expenses, out-of-pocket expenses, permanent injuries and disability, emotional distress, loss of quality of life, humiliation, and anxiety, and for such other damages to be proven at trial.

## SECOND CLAIM FOR RELIEF – COLORADO PREMISES LIABILITY ACT

32.    Plaintiffs incorporate paragraphs 1 through 31 herein by reference.

33.    Defendant Kohl's is a "landowner" of 16700 W. Colfax Ave., Golden, CO 80401, as defined by C.R.S. § 13-21-115(1).

34.    Plaintiffs were "invitees" as defined by C.R.S. § 13-21-115(5).

35.    Defendant Kohl's, as a "landowner," had a duty to exercise reasonable care to protect against dangers of which it actually knew or should have known.

36.    Defendant Kohl's, as a "landowner," had a duty to carry on activities in a reasonably safe manner.

37.    Defendant Kohl's, as a "landowner," had a duty to warn of dangerous conditions.

38.    Defendant Kohl's knew or should have known of the dangerous condition existing on its Premises.

39.    Defendant Kohl's failed to use reasonable care to protect Plaintiffs against the dangerous condition on its Premises.

40.    Defendant Kohl's failed to use reasonable care to warn Plaintiffs against the dangerous condition on its Premises.

41.    Defendant Kohl's failure to use reasonable care to protect and/or warn Plaintiffs' against the dangerous condition on its Premises is the cause of Plaintiffs' injuries.

42.    As a result of Defendant Kohl's breaches of the aforementioned duties, Plaintiffs suffered damages, including medical expenses, out-of-pocket expenses, permanent injuries and disability, emotional distress, loss of quality of life, humiliation, and anxiety, and for such other damages to be proven at trial.

## THIRD CLAIM FOR RELIEF –OUTRAGEOUS CONDUCT

43.    Plaintiffs incorporate paragraphs 1 through 42 herein by reference.

44.    Defendant Kohl's engaged in extreme and outrageous conduct.

45.    Defendant Kohl's engaged in its extreme and outrageous conduct recklessly or with the intent of causing Plaintiffs severe emotional distress.

46.    As a result of Defendant Kohl's conduct, Plaintiffs have suffered severe emotional distress.

### JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS ON ALL ISSUES SO TRIABLE.**

WHEREFORE, Plaintiffs respectfully request judgment against Defendant in an amount to be determined at trial, plus attorneys' fees, costs, pre- and post-judgment interest as provided by law, and for such other and further relief as the Court deems proper.

Respectfully submitted this 11th day of April, 2017.

Gifford Stevens, LLC
*Duly Signed Original on file at*
*Gifford Stevens, LLC*

*/s/ Jennifer J. Gifford*
Jennifer J. Gifford, Esq. #26059
Karen B. O'Connor, Esq. #45991
ATTORNEYS FOR PLAINTIFFS

Plaintiffs' Address:
P.O. Box 351
Idaho Springs, CO 80452-0351

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Pkwy.<br>Golden, CO 80401 | DATE FILED: April 11, 2017 3:46 PM<br>FILING ID: 2BF78FB6CAB12<br>CASE NUMBER: 2017CV30519 |
| **Plaintiffs:**<br>NICHOLE NEMMERS and JAY NELSON, *Individually and as Parents and Next Friends of* NOVEMBER NELSON<br><br>**Defendant:**<br>KOHL'S DEPARTMENT STORES, INC. | ▲ **COURT USE ONLY** ▲ |
| **Attorneys for Plaintiffs:**<br>Jennifer J. Gifford, Esq. #26059<br>Karen B. O'Connor, Esq. #45991<br>Gifford Stevens, LLC<br>1720 S. Bellaire St., Penthouse Suite<br>Denver, CO 80222<br>Phone: (303) 495-5988<br>Fax:    (303) 495-5855<br>Email: jjg@giffordstevens.com<br>        kbo@giffordstevens.com | Case No.:<br><br>Division: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

    **1. This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

    **2. Check one of the following:**

☐ This case is governed by C.R.C.P. 16.1 because:

- The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☒ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

**4.** ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Dated this 11th day of April, 2017.

Gifford Stevens, LLC
*Duly Signed Original on file at*
*Gifford Stevens, LLC*

*/s/ Jennifer J. Gifford*
Jennifer J. Gifford, Esq. #26059
Karen B. O'Connor, Esq. #45991
1720 S. Bellaire St., Penthouse Suite
Denver, CO 80222
(303) 495-5988
(303) 495-5855 fax
ATTORNEYS FOR PLAINTIFFS